UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-032-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDWARD A. BARKER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On April 10, 2014, a federal grand jury returned a six-count indictment, charging Defendant Edward A. Barker with possession with the intent to distribute pills containing oxycodone in violation of 21 U.S.C. § 841(a)(1). [Record No. 1] Barker is also charged with being a convicted felon in possession of a firearm in violation of and 18 U.S.C. § 922(g)(1). [*Id.*] Additionally, the indictment seeks forfeiture of the firearm and ammunition seized at the time of Barker's arrest on May 18, 2011. [*Id.*]

Barker moved the Court to suppress the evidence seized in connection with the search of his residence on May 18, 2011. [Record No. 14] The motion was referred to United States Magistrate Judge Robert E. Wier to conduct a hearing and issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On June 2, 2014, Magistrate Judge Wier issued his Recommended Disposition. [Record No. 22] After carefully analyzing the issues raised in Barker's motion, the Magistrate Judge has recommended that Barker's motion be denied. Barker filed timely objections to the Recommended Disposition. [Record No. 23]

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Barker. Therefore, the Court will adopt the Magistrate Judge's Recommended Disposition in full.

Barker argues that the state search warrant for his residence was deficient and, therefore, all evidence obtained must be suppressed. [Record No. 14] Specifically, he argues that the warrant affidavit failed to: (i) establish a sufficient nexus between the evidence sought and his residence; and (ii) sufficiently demonstrate the confidential informant's veracity and credibility. [*Id.*] Barker contends that, as a result of these deficiencies, the affidavit lacked the necessary information to support a probable cause finding. He also asserts that the good faith exception to the exclusionary rule does not apply. [Record Nos. 14, 18] After the motion was briefed and argued, the Magistrate Judge conducted a four corners review of the warrant documents but determined that Barker's arguments should be rejected. [Record No. 22]

Barker's objections consist of three paragraphs in which he re-states the arguments raised in his initial motion. [Record No. 23] The Court, however, is in complete agreement with the Magistrate Judge that these arguments lack merit and that a substantial basis supported the issuance of the contested warrant. Additionally, even if probable cause did not support the warrant, the good faith exception to the exclusionary rule is applicable.

Contrary to Barker's position, the warrant affidavit established a sufficient connection between the drug trafficking evidence sought and his residence. His objection that, according the warrant affidavit, he physically left his residence to obtain the illegal drugs from another structure (*i.e.*, the mobile home on the property) misses the mark. [Record No. 23; *see also* Record No. 14, pp. 2-3] The Magistrate Judge correctly addressed this argument:

> Although Barker left the residence for a short amount of time, presumably to obtain drugs from the nearby mobile home, the exchange of drugs and money occurred *in* the [Barker's residence] itself. Where an affidavit avers that a confidential informant participated in an illegal drug transaction on the premises to be searched, the affidavit clearly establishes a nexus between the place to be searched and the evidence sought.

[Record No. 22, p. 8-9 (citing *United States v. Dyer*, 580 F.3d 386, 391 (6th Cir. 2009); *United States v. Moore*, 661 F.3d 309, 314 (6th Cir. 2011)) (emphasis added).]

Barker fails to appreciate that the actual sale of the illegal drugs took place in his residence. As a result, there are direct ties between Barker's residence and his alleged drug trafficking activity. The warrant affidavit provided the issuing judge sufficient grounds to conclude that there was a fair probability that evidence of drug trafficking would be located in Barker's residence. In short, Barker's nexus argument is without merit.

Likewise, Barker's assertion that the warrant affidavit failed to provide sufficient information about the confidential informant's reliability is unpersuasive. The Magistrate Judge correctly found that Affiant Detective Arthur Lacy of the Stanton Police Department provided the issuing judge with sufficient information to support issuance of the warrant. [Record No. 22, pp. 8-15] Although Detective Lacy's source was confidential, the source was not anonymous. *See United States v. Dyer*, 580 F.3d 386, 391 (6th Cir. 2009) (noting that the statements of an

informant whose identity was known to the police are entitled to far greater weight than an anonymous source). And while the warrant affidavit is not a "model affidavit," the undersigned agrees that it is neither a conclusory nor a bare bones affidavit. [Record No. 22, pp. 14-15] The affidavit contains information regarding a tip from a confidential informant and a controlled (and likely recorded) drug buy within twenty-four hours of the issuance of the warrant. The totality of these circumstances supports a probable cause finding in support of the search warrant for Barker's residence. The Court rejects Barker's argument to the contrary. *See Moore*, 661 F.3d at 313; *see also Illinois v. Gates*, 103 S. Ct. 2317, 2327-32 (1983).

Finally, even if probable cause did not support the warrant, the exclusionary rule would not bar admission of the seized evidence. *See United States v. Maser*, 614 F.3d 236, 242 (6th Cir.2010). There is no evidence that law enforcement acted with "deliberate, reckless, or grossly negligent disregard" for Barker's Fourth Amendment rights. *Davis v. United States*, 131 S. Ct. 2419, 2427 (2011). Rather, Detective Lacy's actions in seeking separate warrants for each of the structures located at the same residential address indicates of a degree of care and attentiveness. Additionally, as the Magistrate Judge correctly noted, the two affidavits are not identical, Detective Lacy did not rely on boilerplate language or pre-printed forms, and he conducted multiple controlled drug buys before seeking the warrant. Under the circumstances presented, suppression would not serve any deterrent value and would not outweigh the heavy costs of exclusion. Instead, the evidence demonstrates that Detective Lacy acted with an objectively reasonable, good-faith belief that his conduct was lawful. *See Herring v. United States*, 555 U.S. 135, 137 (2009); *Maser*, 614 F.3d at 242. Accordingly, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Robert E. Wier [Record No. 22] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant Barker's objections to the Magistrate Judge's Recommended Disposition [Record No. 23] are **OVERRULED**.

3. Defendant Barker's Motion to Suppress [Record No. 14] is **DENIED**.

This 6th day of June, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge